**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LASHAWIN JORDAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13-CV-2488 CAS |
| | ) |
| MICHAEL BOWERSOX and | ) |
| JOSH HAWLEY,[1] | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Petitioner Lashawin[2] Jordan seeks federal habeas relief from a state court judgment following a jury verdict. See 28 U.S.C. § 2254. For the reasons set forth below, the Court denies the petition as without merit.

## I. Background

The State of Missouri charged Petitioner with first-degree murder in violation of Mo. Rev. Stat. § 565.020 (Count I) and armed criminal action in violation of Mo. Rev. Stat. § 571.015 (Count II) for knowingly causing the death, after deliberation, of Louis Davis, Jr. ("Victim") by shooting him on November 1, 2006.[3]

### Trial Court Proceeding

---

[1] In this habeas proceeding, Petitioner challenges a conviction resulting in two consecutive sentences. Because Petitioner will serve a sentence in the future, the Court adds the Attorney General of the State of Missouri as a Respondent in this proceeding. See Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] While Petitioner spells his first name "Lashawin" in his federal habeas petition, "Lashawn" is the spelling of Petitioner's first name throughout the available state court record.

[3] Indictment, filed Feb. 1, 2007, Legal File, Resp'ts Ex. C, at 11-12.

At trial, the parties stipulated that: Victim had "[b]ullet wounds to the back, lower back, [and] buttocks. The one that entered the upper chest exited the front chest and was the cause of death."[4] The State presented numerous exhibits and seven witnesses:[5] Latroy Taylor and Harry Collins, two officers with the City of St. Louis Police Department who responded to the scene; Michael Davis, Victim's nephew, and Keith John Like, two individuals who were at the scene during the shooting and testified to seeing Petitioner with a gun shooting Victim as Victim fled from Petitioner; Dion Pettis, another individual at the scene, who saw Petitioner placing a gun in his jacket as he ran from the scene after the shooting; Cheryl Davis, one of Petitioner's friends, who testified to several of Petitioner's nicknames; and Heather Sabin, another officer of the City of St. Louis Police Department, who read during trial several letters Petitioner had written and mailed from jail to a friend in early 2008.[6] The trial court denied Petitioner's motion for judgment of acquittal at the close of the State's evidence.[7]

Petitioner testified in his defense.[8] In summary, he testified that, since he was thirteen years old, he had sold drugs for Victim; he was sixteen years old at the time of the shooting; just before the shooting, Victim accused Petitioner of losing drugs and hit Petitioner with a gun that Petitioner obtained during the subsequent struggle with Victim; and Petitioner shot Victim because he feared for his safety.

---

[4] Trial Tr., Resp'ts Ex. A, at 160-61.

[5] Trial Tr., Resp'ts Ex. A.

[6] Trial Tr., Resp'ts Ex. A, at 150-160.

[7] Trial Tr., Resp'ts Ex. A at 164; Pet'r mot. J. acquittal at close of State's evidence, Legal File, Resp'ts Ex. C, at 25-26.

[8] Trial Tr., Resp'ts Ex. A, at 169-202.

In rebuttal, the State presented the parties' stipulation that if David Menendez, a qualified firearms expert, testified, he:

> would testify that he examined the clothing . . . that [Victim] was wearing; that there were three bullet holes in the clothing, the upper back, lower back and the buttocks area; that there was no gunshot residue, no soot, no stippling, no burnt gunpowder . . . [a]nd, as a result, therefore, [the firearms expert] would say . . . that the muzzle of the gun was at a minimum of 3 feet from . . . [V]ictim when the gun was fired.[9]

(Footnote added.)  Petitioner then unsuccessfully moved for a judgment of acquittal at the close of all the evidence.[10]

Before the instruction conference, both attorneys expressed their opinion, in response to an inquiry by the trial court, that self-defense was not at issue.[11]  The trial court found:

> [Petitioner] kind of started out with it.  I want to make a record that I believe that this is a difficult record to make, but it is what it is.  I believe that when [Petitioner] testified under cross-examination that he fired shots after [Victim] had fled from him [and had] his back to [Petitioner], that negates all Missouri case law definitions of self-defense.  And no juror upon having heard that could conclude that self-defense has occurred in this case. . . .
>
> *   *   *
>
>  . . . I want to make that record on the self-defense because he kind of started out suggesting it with the struggle for the gun.  . . . [The jury may] drop to a murder second, but I don't see how they could possibly find self-defense given the testimony.[12]

(Footnote added.)  Petitioner's counsel responded that she did not plan on submitting or arguing self-defense.  Id. at 205.

---

[9] Trial Tr., Resp'ts Ex. A, at 221.

[10] Trial Tr., Resp'ts Ex. A, at 222; Pet'r mot. J. acquittal at close of all evidence, Legal File, Resp'ts Ex. C, at 27-28.

[11] Trial Tr., Resp'ts Ex. A, at 204.

[12] Trial Tr., Resps.' Ex. A, at 204-05.

Noting that a self-defense instruction had to be given whether requested or not, the trial court explained during the instruction conference why it had decided "there was no evidence to support a self-defense instruction:" [13]

> We had a general discussion on this earlier, but I did make my own decision, and this was based upon [Petitioner] in his testimony admitting and testifying to facts and circumstances which negate all of the case law and instructions concerning self-defense as [Petitioner] had informed the jury that [Victim] had turned and fled. And all the case law is consistent if somebody flees and leaves and all imminent danger to a Defendant has come to an end, self-defense cannot be had. Therefore, it was my position then and now that there was no evidence to support a self-defense instruction. [14]

(Footnote added.) Among other instructions, the trial court gave verdict-directing instructions for first-degree murder, second-degree murder, and voluntary manslaughter. [15] The jury found Petitioner guilty of second-degree murder and armed criminal action. [16]

During the sentencing phase, the State presented the testimony of Louise Tillman, Victim's mother. [17] In addition to describing the impact of Victim's death on the family, Ms. Tillman testified, without objection, that she heard Victim tell Petitioner, "Man, you need to stop bragging about that dude that you killed." [18] During argument, the prosecutor asked the jury to consider "life imprisonment for both counts," [19] and Petitioner's counsel urged the jury, "due to the circumstances and . . . [Petitioner's] situation and his age, . . . [to] consider 20 years on both

---

[13] Trial Tr., Resp't Ex. A, at 259-60.

[14] Trial Tr., Resp'ts Ex. A, at 260.

[15] Trial Tr., Resp't Ex. A, at 206-13; Instruction Nos. 5, 6, and 7, Legal File, Resp'ts C, at 34-37.

[16] Trial Tr., Resp't Ex. A, at 257; Verdicts, Legal File, Resp'ts Ex. C, at 48, 49.

[17] Trial Tr., Resp't Ex. A, at 265-69.

[18] Trial Tr., Resp't Ex. A, at 268.

[19] Trial Tr., Resp't Ex. A, at 270.

counts."[20]  After sending a note asking the trial court:  "If sentenced 20 on each count will they run concurrent or consecutive?" and learning from the trial court that "[t]he Court will make that determination," the jury assessed terms of imprisonment of thirty years for second-degree murder and twenty years for armed criminal action.[21]

At sentencing, the trial court denied Petitioner's motion for judgment of acquittal, or in the alternative, for a new trial.[22]  Before imposing sentence, the trial court heard statements by Victim's mother, Petitioner's response to Ms. Tillman's statements, and counsel's arguments.[23]  The trial court sentenced Petitioner to consecutive terms of imprisonment of thirty years for second-degree murder and twenty years for armed criminal action.[24]

## Direct Appeal

In his only point in his timely direct appeal, Petitioner asserted the trial court plainly erred and violated Petitioner's rights to due process, a properly instructed jury, and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments, by giving a voluntary manslaughter instruction (Instruction No. 7) because it did not conform to MAI-CR3d 313.04 and 313.08.[25]  In affirming the trial court's judgment, the Missouri Court of Appeals stated "[t]he sufficiency of the evidence is not in dispute.  On November 1, 2006, [Petitioner] shot . . . [V]ictim three times

---

[20]  Trial Tr., Resp'ts Ex. A, at 271.

[21]  Trial Tr., Resp'ts Ex. A, at 272-73; Verdicts, Legal File, Resp'ts Ex. C, at 55, 56.

[22]  Pet'r Mot J. acquittal or new trial, Legal File, Resp'ts Ex. C, at 57-58; Sentencing Tr., Resp'ts Ex. B, at 3.

[23]  Sentencing Tr., Resp'ts Ex. B, at 6-11.

[24]  See J., dated Nov. 21, 2008, Legal File, Resp'ts Ex. C, at 59-61; Sentencing Tr., Resp'ts Ex. B, at 13-14.

[25]  Pet'r Br., Resp'ts Ex. D, at 9.

in the back, killing him."[26]  After noting that Petitioner had requested and not objected to the voluntary manslaughter instruction, and had not challenged that instruction in Petitioner's post-trial motion for judgment of acquittal or for a new trial, the Court of Appeals concluded there were "no extraordinary circumstances . . . to justify reviewing [Petitioner's challenge to the voluntary manslaughter instruction] as a matter of plain error."[27]  The Court of Appeals issued its mandate on November 13, 2009.[28]

Post-Conviction Motion Proceeding

Petitioner presented two claims in his timely *pro se* motion for post-conviction relief ("PCR motion").[29]  In his first claim, Plaintiff argued the trial court violated his federal constitutional rights to due process, a fair trial, and equal protection by removing from the jury the decision whether to impose consecutive or concurrent sentences.[30]  For his second claim, Petitioner argued his trial attorney provided ineffective assistance of counsel by failing to object to the trial court's "remov[al of] the duty of the jury to impose sentence."[31]

Through appointed counsel, Petitioner filed an amended PCR motion, which included a request for an evidentiary hearing.[32]  In his amended PCR motion, Petitioner set forth two

---

[26] State v. Jordan, No. ED92232, Per Curiam Order and Mem. Supplementing Per Curiam Order Affirming J. Pursuant to Rule 30.25(b), Resp'ts Ex. F, at 2 (Mo. Ct. App. filed Oct. 20, 2009).

[27] Jordan, No. ED92232, Mem., Resp'ts Ex. F, at 4-5.

[28] See Nov. 13, 2009 entry on docket sheet for State v. Jordan, No. ED92232 (Mo. Ct. App. filed Dec. 1, 2008) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do; last visited Mar. 29, 2017).

[29] Pet'r *pro se* PCR mot., filed Dec. 22, 2009, PCR Legal File, Resp'ts Ex. G, at 3-12.

[30] Pet'r *pro se* PCR mot., Resp'ts Ex. G, at 4, 5-6.

[31] Pet'r *pro se* PCR mot., Resp'ts Ex. G, at 4, 6-7.

[32] Pet'r am. PCR mot., filed Dec. 10, 2010, PCR Legal File, Resp'ts Ex. G, at 14-36.

ineffective assistance of counsel claims.[33]    Specifically, Petitioner argued his trial attorney provided ineffective assistance of counsel by failing to request a self-defense instruction and by failing to object to the testimony of an uncharged offense presented during the penalty phase of trial.[34]

Without conducting an evidentiary hearing, the motion court denied Petitioner's PCR motion.[35]    The motion court concluded Petitioner's ineffective assistance of counsel claims regarding his trial attorney's failure to submit a self-defense instruction and failure to object to certain testimony presented during the penalty phase lacked merit.[36]    With regard to Petitioner's first claim, the motion court concluded:

> [b]y the time [Petitioner] shot [V]ictim, he had disarmed [V]ictim and he shot the unarmed [V]ictim in the back.    [Furthermore,] it was an objectively reasonable decision to argue for a verdict of manslaughter rather than trying to convince a jury that his shooting an unarmed victim in the back was in self-defense.[37]

(Footnote added.)    In rejecting Petitioner's second claim, the motion court concluded the challenged testimony of Victim's mother did not have "a decisive effect on the sentences [Petitioner] received."[38]

<u>Post-Conviction Appeal</u>

Petitioner presented two points in his timely post-conviction appeal based on assertions the motion court violated his Fifth, Sixth, and Fourteenth Amendment rights by failing to find his

---

[33]  Pet'r am. PCR mot., Resp'ts Ex. G, at 16-32.

[34]  Pet'r am. PCR mot., Resp'ts Ex. G, at 16-32.

[35]  Mot. Ct.'s Conclusions of Law and Order, filed Aug. 31, 2012, PCR Legal File, Resp'ts Ex. G, at 37-45.

[36]  Mot. Ct.'s Conclusions of Law and Order, Resp'ts Ex. G, at 37-45.

[37]  Mot. Ct.'s Conclusions of Law and Order, Resp'ts Ex. G, at 43.

[38]  Mot. Ct.'s Conclusions of Law and Order, Resp'ts Ex. G, at 44.

trial attorney provided ineffective assistance of counsel.[39]  First, Petitioner argued his trial attorney provided ineffective assistance in failing to object to the penalty phase testimony of Victim's mother that she heard Victim suggest Petitioner had earlier talked about having committed an uncharged murder.[40]  In his second point, Petitioner contended his trial attorney was ineffective in failing to submit a self-defense instruction.[41]

The Missouri Court of Appeals affirmed the motion court's judgment in an unpublished per curiam order and memorandum.[42]  The Court of Appeals concluded with respect to both points that Petitioner was not prejudiced by his trial attorney's alleged failures, and, as to the second point, Petitioner had not shown that the self-defense instruction would have been given if counsel had requested it.[43]  The Court of Appeals issued its mandate on September 11, 2013.[44]

## II. Petitioner's Grounds for Federal Habeas Relief

In his federal habeas petition, Petitioner seeks relief on the following two grounds:

> 1. His trial attorney provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to request a self-defense instruction;[45] and
>
> 2. The trial court erred in allowing Victim's mother to testify during the penalty phase to uncorroborated and inflammatory statements of uncharged crimes.[46]

---

[39]  Pet'r Br., Resp'ts Ex. H, at 12 and 14.

[40]  Pet'r Br., Resp'ts Ex. H, at 12.

[41]  Pet'r Br., Resp'ts Ex. H, at 14.

[42]  Jordan v. State, No. ED99087, Order and Mem. Supplementing Per Curiam Order Affirming J. Pursuant to Rule 84.16(b) (Mo. Ct. App. filed Aug. 20, 2013), Resp'ts Ex. J.

[43]  Jordan, No. ED99087, Mem., Resp'ts Ex. J, at 7 and 11.

[44]  See Sept. 11, 2013, entry on docket sheet for Jordan v. State, No. ED99087 (Mo. Ct. App. filed Oct. 9, 2012) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do; last visited Mar. 29, 2017).

[45]  Pet'r Pet'n at 6 [ECF No.1 at 5].

[46]  Pet'r Pet'n at 6 and 7 [ECF No. 1 at 5 and 6].

Respondents counter that Petitioner is limited to pursuing in this habeas proceeding only those claims that he presented to the state courts and Petitioner did not present his second ground for relief based on trial court error to the state courts.[47]  To the extent Petitioner's second ground should be considered a claim of ineffective assistance of counsel for Petitioner's trial attorney's failure to object to the challenged testimony of Victim's mother during the penalty phase, Respondents urge that claim, as well as Petitioner's first ground for relief, do not entitle him to relief.  Respondents argue those claims lack merit because the state courts' rejection of those claims does not constitute an incorrect or unreasonable application of clearly established federal law and was based on a reasonable determination of the facts.[48]

In his traverse, Petitioner characterizes each of his grounds for relief as ineffective assistance of counsel claims.[49]  Petitioner urges each of his grounds for relief has merit.

### III. Discussion of Grounds for Habeas Relief

A.  Legal Standard (Merits)

The Court is bound by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2254(d), "to exercise only limited and deferential review of underlying state court decisions."  Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003).  A federal court may not grant relief to a state prisoner unless a state court's adjudication of a claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an

---

[47] Resp'ts Response [ECF No. 11 at 3, 7-8].

[48] Id. at 3-18.

[49] Pet'r Traverse [ECF No. 14].

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established United States Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000) ("Taylor"). If a state court's decision is not "contrary to" clearly established law, then the "unreasonableness" standard applies, which is "meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Taylor, 529 U.S. at 407-08; see also id. at 413.

The "clearly established Federal law" requirement of habeas review requires the habeas court to consider only United States Supreme Court precedents decided as of the time the state court issues its decision on the merits. Greene v. Fisher, 565 U.S. 34, 38-40 (2011) (relying on Cullen v. Pinholster, 563 U.S. 170 (2011)). State courts are not required to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Revels v. Sanders, 519 F.3d 734, 739 (8th Cir. 2008) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). Importantly, in reviewing state court decisions to ascertain whether they either contradict or unreasonably apply clearly established federal law, a federal habeas court "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181-82.

"Finally, a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. 2254(e)(1)." Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir. 2004). Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness of a state court's findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels, Smulls v. Roper, 535 F.3d 853, 864-65 (8th Cir. 2008) (en banc), and to a state court's implicit findings of fact, Grass v. Reitz, 749 F.3d 738, 743 (8th Cir. 2014). Likewise, federal habeas courts defer to state court credibility determinations, Smulls, 535 F.3d at 864, and factual findings made in the course of resolving ineffective assistance of counsel claims, Odem v. Hopkins, 382 F.3d 846, 849 (8th Cir. 2004).

B. Grounds for Relief

1. Ineffective assistance of trial attorney-
Failure to request self-defense instruction

In his first ground, Petitioner alleges his trial attorney provided ineffective assistance of counsel by failing to request a self-defense jury instruction. Petitioner argues that, at the time of the incident, he feared for his safety because he was sixteen years old, "had been dealing drugs for the [Victim], an adult," and Victim accused Petitioner of "being responsible for lost drugs," threatened Petitioner, and hit Petitioner with a gun that they wrestled over. Additionally, Petitioner notes, he fled the scene and "called the ambulance."[50] Petitioner urges his trial attorney's failure to request a self-defense instruction prejudiced him because he "is entitled to

---

[50] Trial Tr., Resp't Ex. A, at 201.

have the jury consider any defense that is supported by law and that has some foundation in evidence."[51]   In support of his argument, Petitioner cites <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and <u>United States v. Carter</u>, 910 F.2d 1524 (7th Cir. 1990).

Respondents counter that the motion court and Missouri Court of Appeals correctly stated the standard for an ineffective assistance of counsel claim, correctly and reasonably applied clearly established federal law, and reasonably determined the facts based on the available record.   Additionally, Respondents point out the trial court and appellate court in Petitioner's post-conviction appeal found Petitioner was not entitled to a self-defense instruction under the circumstances, even if Petitioner's attorney had requested it.   Because those courts' conclusion about Petitioner's entitlement to a self-defense instruction is a matter of state law, Respondents argue, the Court must defer to that conclusion, citing <u>Schleeper v. Groose</u>, 36 F.3d 735, 737 (8th Cir. 1994).   Moreover, Respondents contend, due to the overwhelming evidence, even without Petitioner's testimony, that Petitioner shot Victim in the back as Victim was fleeing, the Missouri Court of Appeals reasonably concluded there was no reasonable probability the jury would have returned a different verdict even if the trial court had given a self-defense instruction.

(a) Legal standard

The Sixth Amendment's guarantee of counsel is one of the rights applicable to the States through the Fourteenth Amendment because it is deemed fundamental and essential to a fair trial. <u>See</u> <u>Gideon v. Wainwright</u>, 372 U.S. 336, 342 (1963).   "[T]he right to counsel is the right to the effective assistance of counsel."   <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n. 14 (1970); <u>accord</u> <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 377 (1986).   When reviewing "an ineffective-assistance-of-counsel claim, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"   <u>Woods v. Donald</u>, 135 S. Ct. 1372, 1375

---

[51] Pet'r Traverse at 2 [ECF No. 14 at 2].

(2015) (per curiam) (quoting Strickland, 466 U.S. at 689).    To succeed on an ineffective assistance of counsel claim, a federal habeas petitioner must show that:  (1) "counsel's representation fell below an objective standard of reasonableness" ("performance prong") and (2) "the deficient performance prejudiced the defense" ("prejudice prong").  Strickland, 466 U.S. at 688, 687.

To satisfy the performance prong, a petitioner must demonstrate that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney."  Armstrong v. Kemna, 534 F.3d 857, 863 (8th Cir. 2008) (citing Strickland, 466 U.S. at 687-94).  In assessing a challenge to an attorney's performance, a federal habeas court must not second-guess counsel's assistance, avoid the "distorting effects of hindsight," and attempt to evaluate counsel's challenged conduct from counsel's perspective at the time the challenged conduct occurred.  Bell v. Cone, 535 U.S. 685, 698 (2002) (quoting Strickland, 466 U.S. at 689).  "Although hindsight may make a decision appear unwise or unsound, when scrutinizing counsel's performance a court 'must be highly deferential.'"  Underdahl v. Carlson, 381 F.3d 740, 743 (8th Cir. 2004) (quoting Strickland, 466 U.S. at 689).

There is "a strong presumption that counsel's challenged actions or omissions were, under the circumstances, sound trial strategy."  Garrett v. Dormire, 237 F.3d 946, 949-50 (8th Cir. 2001) (citing Strickland, 466 U.S. at 689).  Strategic decisions left to counsel include all trial decisions other than the decision whether or not to plead guilty, waive a jury trial, testify on one's own behalf, and take an appeal.  United States v. Washington, 198 F.3d 721, 723-24 (8th Cir. 1999).  Importantly, "[t]here is a strong presumption that counsel's strategic choices were reasonable."  Forsyth v. Ault, 537 F.3d 887, 891 (8th Cir. 2008).

The prejudice prong of an ineffective assistance of counsel claim "requires a showing that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" White v. Dingle, 757 F.3d 750, 753 (8th Cir. 2014) (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Carroll v. Schriro, 243 F.3d 1097, 1100 (8th Cir. 2001) (internal quotation marks omitted) (quoting Strickland, 466 U.S. at 694). The petitioner bears the burden of showing such a reasonable probability, Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992); and, in determining whether or not there was prejudice, the federal habeas court considers the totality of the evidence, Armstrong v. Kemna, 590 F.3d 592, 596 (8th Cir. 2010) (citing Kimmelman, 477 U.S. at 381).

A habeas court need not address the prejudice prong if the attorney's performance was not deficient. See Parkus v. Bowersox, 157 F.3d 1136, 1140 (8th Cir. 1998). Likewise, a hebeas court does not need to address counsel's allegedly deficient performance if the petitioner has failed to show prejudice. See Strickland, 466 U.S. at 697; Williams v. Locke, 403 F.3d 1022, 1025 (8th Cir. 2005).

The question "under 2254(d) is not whether [the federal habeas court] believe[s] the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." Kennedy v. Kemna, 666 F.3d 472, 477 (8th Cir. 2012) (internal quotation marks omitted) (quoting Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)). "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is . . . difficult." Harrington, 562 U.S. at 105. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (internal citations omitted). More specifically, when resolving an ineffective

assistance of trial counsel claim, a federal habeas court views the claim through two filters: first the court defers to the judgments of trial counsel under Strickland, 466 U.S. at 689, and then the court "defer[s] to the state courts' application of federal law to the facts of the case, see Bell . . . , 535 U.S. [at] 698-99 . . . ." Marcrum v. Luebbers, 509 F.3d 489, 501 (8th Cir. 2007).

(b) Merits of claim

A review of the trial transcript reveals that: Petitioner was the only person seen holding a gun and shooting toward Victim on July 9, 2007; Petitioner was at least three feet away from Victim at the time he shot Victim; the only wounds found on Victim's body were three wounds to Victim's back; and one of those wounds was the cause of Victim's death. The Court of Appeals' factual finding that Petitioner "shot . . . [V]ictim in the back from a distance of at least three feet" is supported by the record and is presumed correct because Petitioner has not rebutted the finding by clear and convincing evidence. Therefore, the Missouri Court of Appeals' decision that Petitioner failed to establish the prejudice prong of an ineffective assistance of counsel claim is based on a reasonable determination of the facts in light of the evidence presented at trial.

In the case cited by Petitioner, the Seventh Circuit's decision in Carter, the Seventh Circuit concluded the trial court did not commit reversible error in giving a modified alibi instruction. Carter, 910 F.2d at 1531. In relevant part, the Seventh Circuit stated, "[a] defendant in a criminal trial is entitled to have the jury consider any theory of defense that is supported by law and that has some foundation in the evidence." Id. (emphasis added). Similarly, in Petitioner's case, the Missouri Court of Appeals stated a self-defense instruction "must be given by the trial court *sua sponte* when there is evidence to support it." Jordan, No. ED99087, Mem.,

Resp'ts Ex. J, at 10 (emphasis added). To the extent <u>Carter</u> is relevant, it does not support a different result in this habeas proceeding.

Petitioner has provided no basis for finding that the Missouri Court of Appeals' application of the <u>Strickland</u> standard was contrary to or an unreasonable application of clearly established federal law. In light of the highly deferential view given to counsel's performance and to the state court's resolution of both state law issues and an ineffective assistance of counsel claim, the Missouri Court of Appeals correctly and reasonably concluded Petitioner's trial attorney did not provide ineffective assistance of counsel in failing to request a self-defense instruction. Ground one is denied.

### 2. Trial court error – Penalty phase testimony of uncharged crime

In his second ground, Petitioner seeks federal habeas relief based on the admission of Ms. Tillman's testimony regarding Petitioner's uncharged conduct during the penalty phase. As the facts supporting this ground, Petitioner states in full: "Ms. Louise Tillman was allowed to testify during the penalty phase to uncorroborated inflammatory, statements of uncharged crimes. Ms. Tillman testifi[ed] that her son was just another notch on Petitioner['s] belt, and she once overheard her son telling Petitioner to stop bragging about that dude you killed."[52] In his traverse filed in support of his petition after Respondents filed their response to the petition, however, Petitioner argues that his second ground is a claim that his trial attorney:

> rendered ineffective assistance in failing to object, during Petitioner's penalty phase, when the State was allowed to call Ms. Tillman[, Victim's] mother, to the witness stand to testify about an alleg[ed] discussion she overheard Petitioner talking to her son, bragging about another murder, that she alleges Petitioner committed, without any proof.[53]

(Footnote added.)

---

[52] Pet'r Pet'n at 7 [ECF No. 1 at 6].

[53] Pet'r Traverse at 2 [ECF No. 14 at 2].

Respondents counter that the Court may not address the merits of the alleged trial court error in this ground because Petitioner did not present that claim to the state courts and any error in admitting the evidence is an issue of state law not cognizable in a federal habeas case. With regard to any ineffective assistance of counsel claim presented in this ground, Respondents argue the state court reasonably found that the exclusion of the challenged evidence at the penalty phase would not have made a difference in the sentence recommended by the jury or imposed by the trial court due to the manner of the killing and Petitioner's admitted involvement in drug dealing. Additionally, Respondents contend that Petitioner has not demonstrated that the state court findings of fact in support of its resolution of this ineffective assistance of counsel claim were unreasonable.

(a) Procedural default and cognizability

Respondents urge the Court to decline to consider the merits of this claim because Petitioner failed to exhaust his state court remedies when he did not challenge the admission of the penalty phase testimony in his direct appeal. Additionally, Respondents contend this claim is not cognizable in a federal habeas proceeding because it is based on state law. Petitioner did not reply to Respondents' procedural default and cognizability arguments.

(i) Procedural default - Failure to exhaust

Before seeking federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, a habeas petitioner "must exhaust available state remedies by fairly presenting [any federal] claim in each appropriate state court." Nash v. Russell, 807 F.3d 892, 898 (8th Cir. 2015) (internal quotation marks omitted) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)), cert. denied, 136 S. Ct. 1825 (2016)). To satisfy the exhaustion requirement a state prisoner "must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process." Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011) (internal quotation marks omitted) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Claims that have not been exhausted and fairly presented to the state courts are procedurally defaulted. Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003) (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

To exhaust a federal constitutional claim, a petitioner must present the claim to the state courts "in accordance with state procedural rules." Arnold v. Dormire, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (internal quotation marks omitted) (quoting Beaulieu v. Minnesota, 583 F.3d 570, 573 (8th Cir. 2009)). In Missouri state court proceedings, a litigant must raise constitutional claims at the earliest opportunity and preserve them throughout the proceedings. State v. Liberty, 370 S.W.3d 537, 546 (Mo. 2012) (en banc) (citing State v. Wickizer, 583 S.W.2d 519, 523 (Mo. 1979) (en banc)). Alleged trial court errors must be raised on direct appeal in Missouri. See, e.g., Middleton v. State, 103 S.W.3d 726, 740 (Mo. 2003) (en banc) (alleged trial court error in admitting a letter "constitutes a claim of trial error in the admission of [a] document [that] must be raised on direct appeal and [is] not cognizable in a post-conviction motion"). Therefore, any alleged trial court error regarding the admission of evidence not raised on direct appeal is defaulted for purposes of federal habeas review.

A federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court, unless a petitioner demonstrates either cause and prejudice or a miscarriage of justice. Sawyer v. Whitley, 505 U.S. 333, 338-39 (1992); accord Skillicorn, 475 F.3d at 976-77 ("Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in

which the petitioner failed to follow applicable state procedural rules in raising the claim"). "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . 'impeded [his] efforts to comply with the State's procedural rule.'" Maples v. Thomas, 565 U.S. 266, 281 (2012) (alterations and emphasis in original) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)).  Notably, "the precise contours of the cause requirement have not been clearly defined." Ivy v. Caspari, 173 F.3d 1136, 1140 (8th Cir. 1999).  If a petitioner does not establish cause for the procedural default, the habeas court need not determine whether he demonstrated actual prejudice. Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007).

To invoke the alternative fundamental miscarriage of justice exception to the procedural default rule, a petitioner must present new evidence affirmatively demonstrating that he is innocent of the crime for which he was convicted. Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" Cagle, 474 F.3d at 1099 (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)).

Petitioner did not pursue on direct appeal a constitutional challenge to the admission of Ms. Tillman's penalty phase testimony regarding Petitioner's uncharged conduct.  Therefore, any constitutional claim regarding the trial court's admission of that testimony is procedurally defaulted.  Petitioner has not asserted or demonstrated any cause for his failure to present the state courts with a claim of constitutional trial court error.  Because Petitioner has not established the requisite cause, the Court need not consider whether Petitioner has demonstrated the prejudice required to overcome a procedural default.  Finally, Petitioner has not submitted any

new evidence of his actual innocence, nor has he alleged such evidence exists. Therefore, neither cause and prejudice nor a fundamental miscarriage of justice exists to avoid the procedural default of Petitioner's claim of trial court error.

(ii) Cognizability

Respondents also argue that Petitioner's claim of trial court error in the admission of Ms. Tillman's challenged penalty phase testimony is not cognizable because it is based on state law. "[O]nly noncompliance with *federal* law" renders a state court's criminal judgment "susceptible to collateral attack in the federal courts." Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (emphasis in original); 28 U.S.C. § 2254(a) (a state prisoner may obtain a federal writ "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States"). Federal habeas relief is not available "for errors of state law." Estelle, 502 U.S. at 67 (internal quotation marks omitted) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Thus, to the extent Petitioner's second ground for relief presents a claim that the trial court erroneously admitted Ms. Tillman's challenged penalty phase testimony in violation of state evidentiary rules and related authority, such a claim is not cognizable in this federal habeas proceeding.

Petitioner's reliance on Dudley v. Duckworth, 854 F.2d 967 (7th Cir. 1988) is unavailing. In Duckworth, the Seventh Circuit affirmed the grant of habeas relief upon concluding the admission of certain evidence violated the state prisoner's Fourteenth Amendment rights. Id. Having concluded the Court is unable to consider the merits of Petitioner's trial court error claim, either due to a procedural bar or to the claim's non-cognizability, the Court need not further consider the Dudley decision.

Ground two is procedurally barred and not cognizable to the extent it is a claim of trial court error.

3.  Ineffective assistance of trial counsel –
     Failure to object to challenged penalty phase testimony

In his traverse, Petitioner argues that his second ground is a claim that his trial attorney rendered ineffective assistance in failing to object, during Petitioner's penalty phase, when Ms. Tillman stated she overheard a conversation in which Victim told Petitioner to stop talking about "killing a dude."  Respondents counter that the state courts' rejection of the claim in Petitioner's post-conviction appeal does not constitute an incorrect or unreasonable application of clearly established federal law and was based on a reasonable determination of the facts.  Therefore, Respondents contend, this ground lacks merit.

In Petitioner's post-conviction appeal, the Missouri Court of Appeals found the admission of Ms. Tillman's challenged testimony during the penalty phase was error because the State did not prove the uncharged conduct by a preponderance of the evidence.[54]  Nevertheless, the Court of Appeals concluded counsel's failure to object to the testimony did not constitute ineffective assistance of counsel because Petitioner did not demonstrate:  "a reasonable likelihood that it affected the jury's recommended sentences and the sentence given by the court.  Rather, the evidence at sentencing highlighted that [Petitioner] had shot [Victim] multiple times in the back after [Petitioner] had [Victim]'s gun and . . . [Victim] no longer posed any threat to [Petitioner]."[55]

The transcript supports these Missouri Court of Appeals factual findings and they are presumed correct because Petitioner has not rebutted them by clear and convincing evidence.  Moreover, as Respondents argue, the record clearly discloses Petitioner's own testimony that he sold drugs for Victim for several years.  The Missouri Court of Appeals' decision that Petitioner

---

[54] <u>Jordan</u>, No. ED99087, Mem., Resp'ts Ex. J, at 7.

[55] <u>Jordan</u>, No. ED99087, Mem., Resp'ts Ex. J, at 7.

failed to establish the prejudice prong of an ineffective assistance of counsel claim is based on a reasonable determination of the facts in light of the evidence presented.

Petitioner has provided no basis for finding that the Missouri Court of Appeals' application of the <u>Strickland</u> standard was contrary to or an unreasonable application of clearly established federal law. To the extent Petitioner asks the Court to consider the Seventh Circuit's <u>Dudley</u> decision in support of this ineffective assistance of counsel claim, the Court concludes it is inapposite because no ineffective assistance of counsel claim was before the Seventh Circuit in the <u>Dudley</u> case.

In light of the highly deferential review the Court accords state court decisions regarding ineffective assistance of counsel claims, the Missouri Court of Appeals correctly and reasonably concluded Petitioner did not establish the prejudice needed to find his trial attorney provided ineffective assistance of counsel in failing to object to Ms. Tillman's penalty phase testimony. Ground two is denied on its merits to the extent it presents an ineffective assistance of counsel claim.

### IV. Certificate of Appealability

To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c); <u>see also Tiedeman v. Benson</u>, 122 F.3d 518, 523 (8th Cir. 1997). A substantial showing is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because Petitioner has not made such a showing, the Court will not issue a certificate of appealability.

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Josh Hawley, Attorney General of the State of Missouri, is **ADDED** as a Respondent.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment shall accompany this Memorandum and Order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**



Dated this 30th day of March, 2017.